NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1007

BANK OF NEW YORK MELLON[1]

vs.

PAUL JONES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff brought this summary process action against the defendant following the foreclosure sale of the defendant's home.  After the defendant missed a court date, a default judgment for the plaintiff entered on March 15, 2022.  A Housing Court judge denied the defendant's motion to vacate the default judgment, and the defendant appealed.  On the plaintiff's motion to set an appeal bond and the defendant's motion to waive the bond, the judge determined that the defendant had no nonfrivolous defenses to raise on appeal and ordered him to post a bond of $260 within ten days and to pay $1,950 in monthly use and occupancy beginning on September 1, 2022.  The defendant did

---

[1] Formerly known as Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2004-7.

not seek review of the judge's order from a single justice of this court. See G. L. c. 239, § 5 (f).

After the defendant missed the deadline for posting the bond, he moved to post it two days late. The plaintiff opposed the motion and sought dismissal of the defendant's appeal. On September 8, 2022, the judge held a hearing on the defendant's motion, at which she asked the defendant why he had not made his September 1 use and occupancy payment as ordered. The defendant replied that he was unable to make the payment. The judge then issued an order dismissing the defendant's appeal from the default judgment, stating that, while she might have "allow[ed] the bond to be posted late," dismissal of the appeal was warranted by the defendant's failure to pay use and occupancy. The defendant filed a second notice of appeal from that order, which is the appeal now before us.

Although the defendant raises numerous arguments in his brief concerning the validity of the foreclosure sale, those issues are outside the scope of this appeal. So too is the validity of the default judgment. Rather, the narrow issue before us is whether the judge erred in dismissing the defendant's appeal from the default judgment based on his failure to pay use and occupancy. We see no error. If a defendant in a summary process action "fails to pay the appeal bond or use and occupancy as ordered, his or her appeal may be

2

dismissed." _Adjartey_ v. _Central Div. of the Hous. Court Dep't_, 481 Mass. 830, 859 (2019). See G. L. c. 239, § 5 (h). The defendant never sought to challenge or modify the use and occupancy order, and he does not contest that he failed to comply with it. The judge thus did not err in dismissing the defendant's appeal.[2]

Order dated September 8, 2022, dismissing appeal affirmed.

By the Court (Wolohojian, Shin & Ditkoff, JJ.[3]),

_Joseph F. Stanton_

Clerk

Entered: October 4, 2023.

_____

[2] We exercise our discretion to deny the plaintiff's request for damages and costs.
[3] The panelists are listed in order of seniority.

3